UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY GREINER,
    Plaintiff,

-vs.-                                 **DEMAND FOR JURY TRIAL**

CREDIT BUREAU COLLECTION SERVICES, INC.,
an Ohio corporation,
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendant to this lawsuit is Credit Bureau Collection Services, Inc. which is an Ohio company that maintains registered offices in Ingham County.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Monroe County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Consumers Energy in the amount of $91.50.

7. On or about August 31, 2011, Plaintiff filed Chapter 7 Bankruptcy. This debt was included in Plaintiff's Chapter 7 Bankruptcy.

8. Plaintiff received a general discharge from her debts in her Chapter 7 bankruptcy on January 10, 2012.

9. Plaintiff does not owe this debt. In a previous case, Plaintiff sued NCO Financial and Consumers Energy over this same alleged debt with account number 103002367540 for collecting a debt that was discharged in her Chapter 7 Bankruptcy.

10. On or about April 24, 2013, Plaintiff received a letter from Defendant attempting to collect this alleged debt.

11. On or about May 2, 2013 at 5:11 p.m., Plaintiff called Defendant to inquire about the letter that she received from them. During this conversation, Plaintiff told Defendant that she previously filed Bankruptcy and that she did not owe the alleged debt. Defendant told Plaintiff that that did not matter and that the debt was from September of 2012. Defendant told Plaintiff that she still owed the alleged debt because her boyfriend did not pay his bill and that they automatically put it in Plaintiff's name.

12. That statement is false because Plaintiff's boyfriend, Dave Bergman, paid his Consumers Energy bill and did not have an outstanding bill with Consumers Energy.

13. Also, during this conversation, Plaintiff asked Defendant if this alleged debt was appearing on her credit report and Defendant responded with, "No, not yet."

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates the preceding allegations by reference.

15. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

16. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

17. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

18. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

19. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

20. Plaintiff incorporates the preceding allegations by reference.

21. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

22. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

23. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

24. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

25. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

26. Plaintiff incorporates the preceding allegations by reference.

27. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

28. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

29. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

30. Plaintiff has suffered damages as a result of these violations of the MCPA.

31. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

May 20, 2013
/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff